The opinion of the court was delivered by

Mr. Justice JYott.

We have had no act of the legislature, in this state, regulating the proceedings in replevin, previous to the act of 1808„ Our practice, however, has generally been conformable to the practice in England, under their statutes on that subject. But as few of those statutes have been made of force here, the construction of them could not be drawn into question, which has rendered our practice, as was observed'in the argument, rather of an anomalous character. It has therefore been somewhat difficult hitherto, to ascertain with any degree of satisfaction, what the law was upon the subject; and although it appears to have been the object of the legislature, by the act above alluded tó, to remove the difficulty and to render the proceedings more simple and uniform, yet I think it somewhat doubtful whether" the object has been completely attained. I am disposed to think however, that by looking to the spirit of the act, and giving it á liberal construction to meet the apparent intentions of the legislature, the principal difficulties may be surmounted,'
*217 The plaintiff in replevin is required, within one month after the. lodgment of the writ in the sheriff’s office, to file his declaration; which if he fail to do, the defendant may enter up judgment of non pros against him. It is made the duty of the sheriff, when he executes the writ, to take a bond according to law, for such amount as shall be sufficient to cover the rent due, and .costs. The act does not give the form of a bond, it only declares the extent to which the security shall be liable. He is made liable “not only for the return of the goods distrained, but also, in case the said goods shall be insufficient to satisfy the rent for which the distress is made,, or in case the same shall be eloigned, for the full amount of the rent &c. and costs of suit.” The act does not like the English statute of Westminster the 2d. require the sheriff to take bond that the plaintiff shall prosecute his suit to effect, nor does it make the security liable in case he shall fail to do so. For although he may not have prosecuted his suit to effect, yet he may have returned the goods or paid the rent, and it is only on failure of having done so, after the suit is determined, that this liability is incurred. There is no breach assigned therefore for which the security is liable.
I do not think, however, that the bond is void, for requiring the plaintiff to prosecute his suit to effect. That is the object of the replevin, and it is a duty, which the law imposes upon him; and I think that taking the law as it before stood, together with the late act, the condition of the bond may be, ‘that he shall prosecute his suit to effect, or on failure thereof, shall return the goods, fee.’ in the words of the act. And although I do not think the bond in this case, so well drawn as it might have been, and recommend to the sheriff in future to pursue the words of the'act more closely than he has in this instance, yet ■I think it is substantially correct. But the breach is not well-: assigned. The bond requires the obligor to prosecute his suit to effect and to return the property distrained-, &tc. It should have been or return the property. But taking the whole condition together, it will admit of that Construction. It contains then an alternative condition, to prosecute the replevin to effect *218 or to return the goods distrained, &c. and when a person tin» dertakes to perform one of two things,- the party who would take advantage of the non-performance must aver that he has performed neither the one nor the other. Burgess vs. Brazier; 1st. Str. 594. Penny, vs. Porter, 2d East, 2. In this case even tho’ the obligor may not have prosecuted the suit to effect, he may have performed the other conditions; in which case, the liability of his security would not attach. The demurrer therefore ought to have been sustained, and the motion to reverse the decision below,must be granted.
Gadsden, for motion,
Gilchrist, contra.
From this view of the case, it is not necessary to the pres* ent motion, that any opinion should be expressed on the second ground; hut it may nevertheless he useful, as it regard’s the future practice in-similar cases-. The act authorizes the defendant in replevin; as soon as he has entered up his judgment of non pros, to proceed as in such cases is provided by law. He may therefore immediately issue a writ de retorno habendo, for the goods, 6 Bacon Ab. 66, Title Replevin, E. 4. It is also further-provided, that the securities shall be liable for the whole amount of rent due, and costs of suit, m- case the goods shall be eloigned or shall be insufficient to satisfy the amount. Immediately, therefore, upon the return of elongata by the sheriff; a right of action accrues upon the bond; but a ff fa, cannot Be issued, until a writ of enquiry has been executed- to ascertain the damages; 6 Bacon, Ab. 84, Title Replevin, L.
I have thus taken up the different parts of the act, and given them such construction as I think will in future render' the proceedings' under it, plain and intelligible; and although the demurrer must be supported in this case, yet if the plaintiff* has a good cause of action, he may have leave to amend his declaration upon payment of costs so as to meet the justice of the case.
Bay, Colcoclc, Johnson Sf Huger, Justices, concurred.
Sargeant,, for motion,
Echard, contra.
An action jor slander cannot be instituted by process of attachment.
The plaintiff in this case, had issued an attachment for slander. On the return of the writ,. a motion was made before judge Bay, in Charleston, that it might be quashed, on the ground that an attachment would not lie in such. case. The motion was granted, and the object of this motion was to reverse that' order.

The opinion of the court was delivered by

Mr. Justice JYott.

The process of attachment was not- allowed at common lav/. Several acts of the legislature of this state have authorized it, in certain specified cases, where the ordinary process of law cannot be served. The first act on the subject, which was passed in the year 1144, public laws 181, embraces only cases, arising upon contract. The act of 1183, public laws 315, extends it to torts; but it is only to torts, trespasses or injuries “aér tually done to property, real or personal.” It does not include cases of slander, and we must not extend it by construction, beyond what the letter or spirit of the act will permit.
The motion therefore, must be refused. —
Bay, Colcock, Tranlt, Johnson and Huger, Justices concurred,